FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 28 2009

JAMES N. HATTEN, Clerk
By: White, Deputy Clerk

ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 2:09-cv-163 WCO |
| v. | ) ) | COMPLAINT |
| JIUDICY INC., d/b/a LABOR FINDERS | ) ) ) | |
| Defendant. | ) ) | JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Melissa Posten (hereinafter "Charging Party") who was adversely affected by such practices. The Commission alleges that Jiudicy Inc. d/b/a Labor Finders, wrongfully terminated Melissa Posten in retaliation for reporting sexual harassment and otherwise engaging in protected activity under Title VII. Melissa Posten reported to her employer on December 17, 2007 that she had been subjected to unlawful sexual harassment by her supervisor. On December 20, 2007, Ms. Posten was involuntarily terminated from her

employment as an Administrative Assistant by the Defendant.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Gainesville Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Jiudicy Inc. d/b/a Labor Finders (the "Defendant") has continuously been doing business in the State of Georgia and the city of Cumming, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer

2

engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty (30) days prior to the institution of this lawsuit, Melissa Posten filed her charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     On or about December 20, 2007, Defendant engaged in unlawful employment practices at its Cumming, Georgia  facility in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a), by terminating Melissa Posten in retaliation for reporting sexual harassment and otherwise engaging in protected activity under Title VII.

8.     The effect of the practices complained of in paragraph 7, above, has been to deprive Melissa Posten of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in protected activity under Title VII and reported sexual harassment.

9.     The unlawful employment practices complained of in paragraph 7, above, were intentional.

10.     The unlawful employment practices complained of in paragraph 7,

3

above, were carried out with malice and/or reckless indifference to the federally protected rights of Melissa Posten.

### **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all other persons in active concert or participation with it, from terminating any employee in retaliation for engaging in protected activity under Title VII, reporting sexual harassment, and any other employment practice which discriminates against employees for otherwise opposing or reporting unlawful employment practices.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make whole Melissa Posten, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Melissa Posten.

4

D.     Order Defendant Employer to make whole Melissa Posten, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, above, including but not limited to job search expenses and medical expenses incurred as a result of Defendant's unlawful conduct, in amounts to be determined at trial.

E.     Order Defendant Employer to make whole Melissa Posten, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 7, above, including but not limited to emotional pain and suffering, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F.     Order Defendant Employer to pay to Melissa Posten punitive damages for Defendant's malicious and/or reckless conduct described in paragraph 7, above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs in this action.

[Signature page and Jury Trial Demand follows]

5

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Date _9/28/2009_

Robert K. Dawkins
Regional Attorney
Georgia Bar No.: 076206

Suzanne Schmitt
Trial Attorney
Georgia Bar No. 076142

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
(404) 562-6818     (direct)
(404) 562-6905     (facsimile)